Filed 9/14/20  P. v. Moore CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. SHAUN DOMINIC MOORE, Defendant and Appellant. | B301106 (Los Angeles County Super. Ct. No. BA436825) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnson, Supervising Deputy Attorney General, and David W. Williams, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted Shaun Dominic Moore of attempted murder (Pen. Code, §§ 187, subd. (a), 664, subd. (a))[1] and assault with a deadly weapon (§ 245, subd. (a)(1)). The jury also found true allegations that Moore personally used a deadly or dangerous weapon and that he personally inflicted great bodily injury. The trial court denied Moore's motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to dismiss one or more of his prior serious or violent felony convictions under the three strikes law and sentenced Moore to a total prison term of 39 years to life, which included two five-year terms for prior serious felony convictions under section 667, subdivision (a)(1). Moore appealed, and we affirmed. (*People v. Moore* (July 30, 2018, B282184) [nonpub. opn.].)

On December 28, 2018 Moore filed a petition for writ of habeas corpus in the superior court asking the court to exercise its discretion to strike the two five-year prior serious felony enhancements under recently enacted Senate Bill No. 1393. The court issued an order to show cause, held a hearing, and ultimately denied the petition. Moore appealed again. We affirm.

---

[1]     Statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *A Jury Convicts Moore of Attempted Murder and Assault with a Deadly Weapon*

In May 2015 Moore attacked Eugene Choi with a knife after asking Choi if he was Korean. Moore stabbed Choi multiple times, including in the neck, back, and armpit. Choi fell, bled profusely from his neck, and felt numb below his chest. One of the stab wounds injured Moore's spinal cord and another caused Choi's lung to collapse and fill with blood. Emergency room physicians treated Choi for the collapsed lung and gave him blood transfusions. Doctors diagnosed Choi with Brown-Sequard Syndrome, a condition that occurs after certain spinal cord injuries and that causes weakness and other symptoms. (*People v. Moore, supra*, B282184.)

A jury convicted Moore of attempted murder and assault with a deadly weapon. The jury found true the allegations that Moore personally used a deadly or dangerous weapon and that he personally inflicted great bodily injury. (*People v. Moore, supra*, B282184.)

B.    *The Trial Court Sentences Moore*

Moore filed a motion to dismiss one or both of his admitted prior serious or violent felony convictions under *Romero, supra*, 13 Cal.4th 497, arguing they were the result of his mental illness. The trial court denied the motion. The court stated: "You have two strikes, Mr. Moore. But the last one is the most serious, the most dangerous and the one that could have resulted in the taking of someone's life. . . . The court does not find any circumstances that would promote the interest of justice by the

3

striking of your prior strikes, and the motion to dismiss is denied."

The trial court sentenced Moore to 25 years to life on the attempted murder conviction, plus 10 years for two prior serious felony convictions under section 667, subdivision (a)(1), three years for the great bodily injury enhancement, and one year for the use of a deadly or dangerous weapon, for a total prison term of 39 years to life. The trial court imposed and stayed execution of the sentence on Moore's conviction for assault with a deadly weapon under section 654. Moore appealed, and we affirmed. (*People v. Moore*, *supra*, B282184.)

C.   *Moore Files a Petition for Writ of Habeas Corpus in the Superior Court*

On December 28, 2018 Moore filed a petition for writ of habeas corpus in the superior court, arguing that Senate Bill No. 1393, which would become effective a few days later on January 1, 2019, would give the superior court discretion to strike or dismiss the previously mandatory five-year enhancements under section 667, subdivision (a)(1), for prior serious felony convictions. (See Stats. 2018, ch. 1013, § 2; *People v. Zamora* (2019) 35 Cal.App.5th 200, 208; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.) Moore asked the court "to grant this petition so that a superior court judge may consider whether to exercise discretion to strike the five-year enhancements in this case pursuant to [Senate Bill No.] 1393."

On February 6, 2019 the superior court granted Moore's petition for writ of habeas corpus and his "request for reconsideration of sentence pursuant to Senate Bill [No.] 1393." The court also transferred the case to the sentencing judge.

On July 19, 2019, after several continuances, the superior court held a hearing on Moore's petition. The court reviewed, among other things, a letter from Moore's mother and Moore's "various certificates received while in custody." The superior court recognized it had the discretion to strike the enhancements and stated: "Will the interest of justice be promoted by striking one or more of the priors? The criteria for deciding whether or not to strike a prior relates to factors dealing with the defendant, factors related to the offense for which he is convicted, the number of prior serious felony convictions, the remoteness of any conviction, and, of course, the safety of society. Mental illness is a handicap that comes with wide parameters in terms of the degree." The court ruled: "After review of the legal file and argument from counsel, the court finds that the interest of justice will not be promoted by striking one or more of the prior allegations. [¶] The request to strike the two [section 667, subdivision (a)(1)] allegations is denied. [¶] The previously imposed sentence remains in full force and effect."

## DISCUSSION

The superior court did not abuse its discretion in declining to strike the five-year enhancements under section 667, subdivision (a)(1). (See *People v. Carmony* (2004) 33 Cal.4th 367, 374; *People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) The superior court weighed and considered the relevant factors, including Moore's mental health and the nature and circumstances of his crime. (See *Pearson*, at p. 117; *People v. Carrasco* (2008) 163 Cal.App.4th 978, 993-994; Cal. Rules of Court, rule 4.428(b).) The court did not abuse its discretion in

concluding Moore's criminal history, the nature and circumstances of the current crime, and Moore's attempt at trial to blame his victim did not justify striking either or both of Moore's prior serious felony convictions. Moore's argument the court should have stricken one or both of his prior serious felony convictions because the court already punished him for "these priors when the court used them for three strikes purposes" is contrary to California law. (See *People v. Acosta* (2002) 29 Cal.4th 105, 139, fn. 4 ["the trial court may use the prior convictions both under the Three Strikes law and as serious felony enhancements"]; see, e.g., *People v. Stamps* (2020) 9 Cal.5th 685, 693 ["Had defendant been convicted of all counts and enhancements, he would have been subject to the 25-years-to-life provisions of the Three Strikes law . . . along with any applicable fixed-term enhancements."].)

## DISPOSITION

The judgment is affirmed.


SEGAL, J.


We concur:



PERLUSS, P. J.          FEUER, J.

6